IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05153-PAB

HECTOR GUERRERO AGUILAR,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Hector Guerrero Aguilar's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 9.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States as a minor in 2002. Docket No. 1 at 7. Petitioner subsequently filed for and the Department of Homeland Security granted him DACA. *Id.* At some point prior to January 22, 2026, petitioner was detained on an alleged criminal matter in state court. *See id.* at 2, 7. When, on January 22, 2026, petitioner was released on the state matter, respondents took him into immigration custody, where he has remained since. *Id.* at 2, 7-8, 12.

Petitioner was not served with a warrant during his federal arrest, was only provided a warrant and notice to appear once in custody, and has not received a hearing related to his detention. *Id.* at 2, 7-8, 14, 15 n.1. Petitioner's state case is either pending or has since been dismissed[1] and he is not subject to a final removal order. *Id.* at 8.

On October 12, 2026, petitioner filed a habeas petition. *See generally id*. He asserts one claim under the Fourth Amendment for failure to present a warrant and two claims under the due process clause of the Fifth Amendment related to the government's failure to make an individualized determination prior detaining him. *Id.* at 8-15. For relief, petitioner requests immediate release from custody, or, in the alternative, a hearing before a "different immigration judge or another neutral decisionmaker." *Id.* at 15-20.

On October 28, 2026, respondents filed a response. Docket No. 9. The response indicates that "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognize[s] that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1-2. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner a bond hearing, consistent with Petitioner's request in the Petition." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)). Respondents argue that such remedy "would also be appropriate in light of information received from U.S. Immigration and Customs Enforcement to suggest that Petitioner

[1] Petitioner's petition states both that his "state criminal case . . . has been dismissed" and that "[t]he alleged criminal case is pending and Petitioner maintains his innocence." *Compare id.* at 2, 17 *with id.* at 10.

has been alleged to have engaged in criminal activity . . . including contributing to the delinquency of a minor and assault." *Id.*

## II. ANALYSIS

The Court considers petitioner's due process claim. *See* Docket No. 1 at 11-17.

An overview of the statutory scheme governing petitioner's detention—and the process it provides—is necessary to evaluate petitioner's claim. Because ICE detained petitioner within the borders of the United States and because petitioner is not subject to a final order of removal, petitioner's detention is governed by 8 U.S.C. § 1226. *See Santillan Quiroz*, 180 F.4th at 1237; *see also* 8 U.S.C. § 1231 (governing detention of aliens subject to final removal orders). Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Petitioner states that he was not provided a warrant at his arrest, and respondents do not state otherwise. *See* Docket No. 1 at 8-9, 15 n.1; Docket No. 9.[2] Once detained, the Attorney General "may continue" an alien's detention or "may release" the alien on bond or conditional parole. 8 U.S.C. § 1226(a)(1), (2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

---

[2] There are exceptions to the warrant requirement, *see* 8 U.S.C. §§ 1357(a)(2), (a)(5) (permitting warrantless arrests of aliens if an officer "has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest," for offenses committed in the officer's presence, and for suspected felonies), but respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 9.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation marks and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is that petitioner was detained on state criminal charges but was ultimately released. *See* Docket No. 1 at 2, 7, 17. On one hand, a criminal arrest could potentially bear on whether petitioner was a "danger to the community" such that detention may be warranted. *See* id. at 13 (petitioner arguing that "mitigat[ing] risks of danger to the community" is a "valid purpose[] justifying immigration detention"). On the other, "[t]he mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct." *Schware v. Bd. of Bar Exam'rs of N.M.*, 353 U.S. 232, 241 (1957). Therefore, while petitioner's arrest does constitute a potentially relevant "change in circumstances," the government also cannot use it to unilaterally justify detention. Accordingly, the second factor weighs in favor of petitioner.

Regarding the third factor, the government's interests in both enforcing immigration laws and protecting its citizens are weighty. *See Toll v. Moreno*, 458 U.S. 1, 10 (1982) ("Our cases have long recognized the preeminent role of the Federal

Government with respect to the regulation of aliens within our borders."); *Carlson v. California*, 310 U.S. 106, 113 (1940) ("The power and duty of the State to take adequate steps to preserve the peace and protect the privacy, the lives, and the property of its residents cannot be doubted."). Still, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's detention are low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *Cf. Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of the government, but not dispositively.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated because the government failed to adhere to the legislative and administrative procedures governing alien detention. Thus, the Court will grant the habeas petition based on petitioner's due process claim.[3]

As to remedy, the Court considers the "probable value, if any, of additional or substitute procedural safeguards" to uphold petitioner's liberty interest. *Mathews*, 424 U.S. at 335. The Court also remains cognizant of the government's general interest in enforcing immigration laws and respondents' request for a bond hearing to determine whether petitioner ought to continue to be detained under 8 U.S.C. § 1226(a) given the

[3] As the Court's disposition of petitioner's petition would remain the same under each of petitioner's claims, it does not reach his Fourth Amendment argument.

nature of his alleged criminal activity. Accordingly, the Court will order respondents to provide petitioner a bond hearing.[4] *Cf. Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) (holding "that an immigration judge [wa]s better suited to consider" matters bearing on the lawfulness of petitioner's detention "where there [wa]s an insufficient record before th[e] Court" and ordering a bond hearing).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified. It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED November 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[4] Petitioner cites cases for the proposition that when the government detains an alien without a warrant, release is the only proper remedy. *See* Docket No. 1 at 18. In none of the cases petitioner cites, however, was the alien already in state custody at the time of immigration detention.